IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAII,<br><br>              Plaintiff,<br><br>vs.<br><br>MARK A. DIAZ, SECURED PARTY CREDITOR,<br><br>              Defendant. | CIV. NO. 16-00608 JMS-KSC<br><br>ORDER: (1) REMANDING ACTION; AND (2) DENYING IFP APPLICATION AS MOOT |

## ORDER: (1) REMANDING ACTION; AND (2) DENYING IFP APPLICATION AS MOOT

On November 14, 2016, Defendant Mark A. Diaz ("Defendant") filed: (1) a Notice of Removal, based on a traffic citation[1] that he received titled "State of Hawaii -- Citation for Traffic Crime(s) Arrest In the District Court of the First Circuit," ECF Nos. 1, 1-1, which is a case that was pending in the District Court of the First Circuit (Honolulu), State of Hawaii ("State Court"); and (2) an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 2.  On November 21, 2016, this court ordered Plaintiff to show cause why the action should not be remanded to State Court for lack of subject matter jurisdiction ("OSC").  ECF No. 4.  On November 29, 2016,

---

[1] Defendant was cited for violating Hawaii Revised Statutes ("HRS") §§ 286-102 (driving without a license) and 286-30 (making, issuing or using a false certificate of inspection). Both of these crimes are punishable by a fine and/or imprisonment.  *See id.* §§ 286-30, 286-136.

Defendant filed a document titled "Nature and Cause of Removal: CIVIL RIGHTS COMPLAINT," which the court construes as his response to the OSC ("Response"). ECF No. 5.

Defendant asserts the following grounds for removal: (1) he is not a "driver" as defined by Hawaii law and therefore the State Court lacks jurisdiction; (2) Defendant cannot get a fair trial in State Court because of a conflict of interest where he, the prosecutor, and the judge are state officers; and (3) this is a civil rights action for "deprivation of rights, which is 'Federally Protected Activity' pursuant to 18 U.S.C. §§ 241, 242, & 245(b)(2)(E)(5)." Response at 2.

None of these grounds provides a basis for subject matter jurisdiction. The general removal statute provides that "[a]ny *civil* action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," which is brought in a state court, may be removed to the federal district court. 28 U.S.C. § 1441(a) (emphasis added).[2] And pursuant to 28 U.S.C. § 1331, district courts have original

---

[2] Additionally, very limited criminal prosecutions are removable. *See* 28 U.S.C. § 1442 (certain federal officers or agencies), § 1442a (members of armed forces acting under color of office); § 1443 (certain "civil rights" cases). To the extent Defendant seeks removal pursuant to § 1443, he fails. A petition for removal under § 1443(1) must assert (1) "as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights," and (2) "that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (quoting *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)). The court need not determine whether Defendant meets the first prong because he clearly does not satisfy the

jurisdiction over civil causes of action created by federal law and state-law causes of action that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005); *see also Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).

Whether a claim arises under federal law is generally determined by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir.1998). Thus, a defendant cannot create federal subject matter jurisdiction on the basis of claims or defenses asserted in a notice of removal. *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." (citation omitted)); *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984) (noting that a defendant cannot remove a state-law claim from state to federal court even if its defense is based entirely on federal law); *Fed. Nat'l Mortg. Ass'n v. Bravo*, 2013 WL 812705, at *1 (C.D. Cal. Mar. 5, 2013)

---

second prong -- he does not identify any state statute or constitutional provision that prohibits him from enforcing his civil rights in state court.

(citing *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007)).

Here, the underlying traffic citation cites Defendant for violations of state criminal law.  Those charges do not necessarily raise a stated federal issue, actually disputed and substantial.  Nor do the federal statutes upon which Defendant relies provide a private *civil* cause of action.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (stating that 18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form the basis for a civil suit); *see also DeAlcantara v. Shigemura*, 2016 WL 6518618, at *2 (D. Haw. Nov. 2, 2016) (citing cases).  To the contrary, 18 U.S.C. §§ 241, 242, and 245 are federal *criminal* statutes, which can "be enforced only by a federal prosecutor, not by any private party."  *Sulla v. Horowitz*, 2012 WL 4758163, at *3 (D. Haw. Oct. 4, 2012).  And although Defendant is free to raise a federal defense to the state traffic citation, that defense does not provide federal question jurisdiction.  *See Takeda*, 765 F.2d at 822; *Hunter*, 746 F.2d at 639.

Accordingly, the court finds that this action must be remanded for lack of subject matter jurisdiction.  The Clerk of Court is ORDERED to remand

///

///

///

///

4

this action to the District Court of the First Circuit (Honolulu), State of Hawaii.

And in light of the foregoing, Defendant's IFP Application is DENIED as MOOT.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 5, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*State of Hawaii v. Diaz*, Civ. No. 16-00608 JMS-KSC, Order: (1) Remanding Action; and (2) Denying IFP Application as Moot